# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY L. HOELLER,**

    Plaintiff,

  v.

                                    Case No. 24-CV-93

**CARROLL UNIVERSITY AND THE BOARD
OF TRUSTEES OF CARROLL UNIVERSITY,**

    Defendants.

## DECISION AND ORDER DISMISSING COMPLAINT

Timothy L. Hoeller, who is representing himself, sues his former employer, Carroll University, and the Board of Trustees of Carroll University, stemming from his April 25, 2017 termination of employment. (Compl., Docket # 1.) On February 6, 2024, I issued a report and recommendation denying as moot his motion for leave to proceed without prepayment of the filing fee and recommending that his complaint be dismissed with prejudice. (Docket # 5.) As the defendants had not yet appeared at the time, the case was transferred to United States District Judge Lynn Adelman for disposition.

Hoeller subsequently filed an objection to the report and recommendation (Docket # 11) as well as a motion for reconsideration of the report and recommendation (Docket # 13). On February 19, 2024, defendants appeared and filed a motion to dismiss Hoeller's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Docket # 15.) Hoeller filed an additional motion for reconsideration on February 22, 2024. (Docket # 19.) Defendants subsequently consented to magistrate judge jurisdiction, and this case was transferred back to me on April 9, 2024. (Docket # 26.) All of the motions remain pending at this time.

BACKGROUND

Prior to his termination on April 25, 2017, Hoeller taught at Carroll University. (Docket # 1 at 3.) Hoeller alleges that during a meeting on April 25, 2017 with Dr. Charles Byler and Dr. Kevin McMahon, he was told that his duties "were replaced by 'one of our own people.'" (*Id.*) Hoeller alleges that during this April 25, 2017 meeting, he asked, "What if Hoeller keeps up his academic credentials and publishes at an academic level conference of his professional group for Education," whether he would "be considered to teach again based on that accomplishment." (*Id.*) Hoeller alleges that he told the University during the meeting that his paper had in fact been accepted for release and Hoeller applied to teach Software Project Management in the Spring 2018 at the University. (*Id.*) Hoeller alleges that he was scheduled to give a talk on May 23, 2021[1] virtually; however, his paper was withdrawn by the society on the grounds that it "no longer qualified." (*Id.* at 4.) Hoeller states that he was not hired to teach the Software Project Management course. (*Id.* at 4–5.)

Hoeller's termination set off a flurry of both criminal and civil litigation involving Hoeller and Carroll University. On February 23, 2018, the Director of Public Safety for Carroll University informed Hoeller in writing that due to his "continued unwelcome contact to Carroll University and its employees, you are hereby restricted from any University owned or leased property." (Ex. to Compl., Docket # 1-1 at 22.) A criminal complaint for disorderly conduct was filed against Hoeller on February 26, 2018 and he was ordered to have no contact with Carroll University or any of its employees listed in the criminal complaint. *See State of*

---

[1] Although Hoeller lists the date as May 23, 2021, it is unclear whether this is a typo, as the other relevant facts occur in 2017 and 2018.

*Wisconsin v. Timothy L. Hoeller*, Waukesha County Case No. 2018CM491, Wisconsin Circuit Court Access ("CCAP"), *available at* https://wcca.wicourts.gov (last visited Jan. 31, 2024).

On June 4, 2019, Hoeller sued Carroll University, its general counsel, and its president, in Waukesha County Circuit Court. *See Hoeller v. Carroll University*, Waukesha County Case No. 2019CV995, CCAP, *available at* https://wcca.wicourts.gov (last visited Jan. 31, 2024). The case, however, was dismissed the next day. (*Id.*)

On June 7, 2019, Hoeller again sued Carroll University, as well as its president, general counsel, and an unnamed secretary in the provost's office, but this time in federal court, alleging he was terminated from his employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.* and Wisconsin state law. *See Hoeller v. Carroll University, et al.*, Case No. 19-CV-850 (E.D. Wis.). In an Order dated November 27, 2019, the Honorable Judge J.P. Stadtmueller dismissed Hoeller's ADA discrimination claim with prejudice as untimely filed, dismissed his failure to accommodate claim without prejudice for failure to exhaust administrative remedies, and declined to exercise supplemental jurisdiction over his state law claims. (Docket # 28 in Case No. 19-CV-850.)

Hoeller continued filing pleadings in his Waukesha County civil case, and on October 10, 2019, Waukesha County Case No. 2019CV995 was reopened. *See Hoeller v. Carroll University*, Waukesha County Case No. 2019CV995, CCAP, *available at* https://wcca.wicourts.gov (last visited Jan. 31, 2024). However, on December 3, 2019, Waukesha County Judge William Domina dismissed Hoeller's complaint. (*Id.*) After continuing to file multiple pleadings in the case, on May 10, 2022, the Waukesha County Circuit Court granted Carroll University's motion to restrict Hoeller from filing anything further against Carroll or its employees without leave of court. (*Id.*)

3

In the meantime, Hoeller filed another complaint against Carroll University in federal court. *See Hoeller v. Carroll University*, Case No. 21-CV-1033 (E.D. Wis.). In a decision dated November 2, 2021, the Honorable Judge Lynn Adelman dismissed Hoeller's complaint, noting that the complaint's paragraphs "contain arguments rather than plain factual allegations identifying the plaintiff's grievance against Carroll University," and otherwise did not state a viable claim against the University. (Docket # 15 at 2 in Case No. 21-CV-1033.)

This brings us to Hoeller's present complaint, filed on January 24, 2024. Hoeller again sues Carroll University, this time also suing its Board of Trustees. (Docket # 1.) Although Hoeller's complaint again contains more argument than allegations of fact, it appears Hoeller raises two claims. First, he challenges Judge Stadtmueller's previous dismissal of his claims in Case No. 19-CV-850, arguing that it "is within the power of this Court under Rule 60(b)(c)(d) [sic] to re-open the previous decisions and relieve Hoeller of the Judgment in favor of the Defendant." (*Id.* at 7.) And second, Hoeller argues a "new claim . . . based on a contractual relationship began [sic] on April 17, 2017 and denied by the university on January 25, 2018 when the university failed to hire Plaintiff Hoeller to teach Software Project Management." (*Id.* at 8.)

## ANALYSIS

Although Defendants have appeared and filed a motion to dismiss, this complaint is still in the screening stage. Hoeller moved for leave to proceed without prepayment of the filing fee in this matter (Docket # 3) and in the report and recommendation to the district judge, I found that Hoeller had sufficient asserts to pay the filing fee (Docket # 6 at 4–5). However, because I recommended the complaint be dismissed for failure to state a claim, the motion for leave to proceed without prepayment of the filing fee was denied as moot. (*Id.* at

4

8.) But Hoeller has neither paid the filing fee nor has he been granted *in forma pauperis* status. Thus, the case cannot continue on that ground alone. Further, it appears Hoeller served the complaint on Defendants prior to Hoeller receiving a determination on his motion for leave to proceed without prepayment of the filing fee while the complaint was still in the screening stage. (Docket # 7.) Although I acknowledge Defendants have appeared in this case and filed a motion to dismiss (Docket # 15), the issues previously addressed in the report and recommendation regarding Hoeller's complaint still remain unresolved. Thus, I will address them again below.

First, to the extent Hoeller moves for relief from judgment under Fed. R. Civ. P. 60(b), filing a new lawsuit is improper. Rather, Hoeller should have moved within Case No. 19-CV-850 for relief from the judgment. However, a Rule 60(b) motion must be made "within a reasonable time" and if brought under Rule 60(b)(1)–(3), no more than a year after the entry of the judgment. *See* Rule 60(c). Judgment was entered in Case No. 19-CV-850 on November 27, 2019—over four years ago. While there is no "hard and fast rule as to how much time is reasonable" to file a motion under Rule 60(b)(4)–(6), *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004), absent extraordinary circumstances that are not present in this case, four years is not reasonable.

Fed. R. Civ. P. 60(d) does allow for the filing of an independent lawsuit to obtain relief from a prior judgment; however, under this rule, "an independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Hoeller has not demonstrated that he meets this exacting standard.

Hoeller also seems to be raising a new breach of contract claim against the University for either terminating his employment or failing to re-hire him to teach Software Project

Management. (Docket # 1 at 7–8, 11–13.) To the extent Hoeller alleges breach of contract against Carroll University under state law, it appears that both parties are citizens of the State of Wisconsin and thus are non-diverse for purposes of jurisdiction under 28 U.S.C. § 1332. To the extent Hoeller alleges that Carroll University violated his due process right to continued employment under 42 U.S.C. § 1983, Carroll University is a private college. https://www.carrollu.edu/about (last visited Jan. 31, 2024). Section 1983 prohibits "interference with federal rights under color of state law." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). A private party will only be held responsible as a state actor if the state effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision or when the state delegates a public function to a private entity. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999). And a "school's receipt of public funds does not make the discharge decisions acts of the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982).

But even assuming suit against Carroll University is cognizable under § 1983, Hoeller's complaint fails. To succeed on a § 1983 due process claim for continued employment he must establish: (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) (internal quotations omitted). Hoeller was terminated on April 25, 2017, and at the time the alleged due process violation occurred, the applicable statute of limitations was six years. *See D'acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) ("In 2018, the Wisconsin legislature changed the statute of limitations under § 893.53 from six years to three, but this case is still subject to the six-year limit because the events in question occurred in 2017, prior

6

to the enactment of the change."). Thus, Hoeller had to have filed this complaint no later than April 25, 2023. In other words, the January 24, 2024 complaint is untimely.

Hoeller seems to recognize this, alleging that he filed this lawsuit "on the sixth (6) anniversary of an exchange of letters between Hoeller and the Public Safety Director" that occurred between April 17, 2017 and January 25, 2018 (Docket # 1 at 12) and noted that his "contractual relationship" was "denied by the university on January 25, 2018 when the university failed to hire [Hoeller] to teach Software Project Management" (*id.* at 8). Thus, Hoeller seems to argue that his statute of limitations under § 1983 did not begin to run until January 25, 2018, thus making his January 24, 2024 complaint timely filed. But the due process clause does not entitle a person to a federal remedy for every breach of contract by a state. *Yatvin v. Madison Metro. Sch. Dist.*, 840 F.2d 412, 416 (7th Cir. 1988). "To count as a deprivation of property under the Constitution, a breach of contract must be a breach of a contractual entitlement to property." *Id.* at 417. While Hoeller was hoping to be rehired by the University to teach Software Project Management, he did not have a property right in a job he did not yet have. For all of these reasons, Hoeller's complaint fails to state a claim and must be dismissed.

I further find that Hoeller's complaint should be dismissed with prejudice. Although the pleading rules favor decisions on the merits and also instruct that leave to amend pleadings should be freely given, "these general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011). For example, a "district court does not abuse its discretion in denying leave to amend if the proposed repleading would be futile." *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994). Again, Hoeller was terminated from his employment over six

7

years ago. He has filed multiple lawsuits in both state and federal court regarding the termination. Any further litigation on this issue is untimely and futile.

Hoeller states in his complaint that "if necessary" his "case can be re-written under a theory of a hostile work environment, rather than a due process rights under the 4th and 14th amendments." (Docket # 1 at 12.) In other words, Hoeller is willing to continue repackaging and reasserting claims against Carroll University arising from his 2017 termination in federal court, likely because Waukesha County has enacted a ban on further filings against Carroll University. And Hoeller continues to file in this case letters and other documents he has sent to the state courts, principally the Waukesha County Circuit Court. (Docket # 8–10, 17–18, 20–22, 24.) Hoeller is warned that continued lawsuits filed without a good faith basis may result in sanctions, including a ban on future filings.

For these reasons, Hoeller's complaint is dismissed with prejudice.

**NOW, THEREFORE, IT IS ORDERED** that Hoeller's complaint (Docket # 1) is **DISMISSED WITH PREJUDICE**. The clerk of court will enter judgment accordingly.

**IT IS FURTHER ORDERED** that Hoeller's motions for reconsideration (Docket # 13 and Docket # 19) are **DENIED**.

**IT IS FURTHER ORDERED** that the pending report and recommendation (Docket # 6) and the Defendants' motion to dismiss (Docket # 15) are **MOOT** based on the Court's finding that the complaint fails to state a claim.

Dated at Milwaukee, Wisconsin this 18th day of April, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge